**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TRAVIS DALE ISTRE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2246** |
| **INTERNAL REVENUE SERVICE** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is the opposed motion[1] of Defendant United States of America to dismiss *pro se* Plaintiff Travis Istre's Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is **GRANTED**.

### I.    BACKGROUND

Plaintiff's Complaint attempts to state a tax-refund claim against the Internal Revue Services ("IRS") Commissioner for Plaintiff's alleged overpayment of his 2022 taxes. Plaintiff alleges he "made a valid claim for [a] refund of [his] 2022 overpayments," and the "IRS has failed to either issue [him] [a] refund or to issue a letter of disallowance." Plaintiff "seek[s] to gain [his] refund or a letter of disallowance" so that Plaintiff "may sue in tax court."[2]

The Court previously denied[3] without prejudice a motion to dismiss brought by the United States because the United States had failed to move the Court to substitute it as a defendant in place of the Commissioner of the IRS. The United States subsequently filed a motion to substitute itself as the proper party defendant

---

[1] ECF No. 10.
[2] *See generally* ECF No. 1.
[3] ECF No. 7.

in place of the Commissioner of the IRS under 26 U.S.C. § 7422(f), which the Court granted.[4]

Defendant now brings a renewed motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). Defendant argues that Plaintiff fails to allege any facts showing he overpaid his taxes that year.

## II.    LEGAL STANDARD

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not meet Rule 8(a)(2)'s pleading standard should be dismissed for failing to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

When considering a Rule 12(b)(6) motion to dismiss, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the

---

[4] ECF No. 9.

plaintiff." *Thompson v. City of Waco, Texas*, 764 F.3d 500, 502 (5th Cir. 2014) (citation omitted). The Court "need not, however, accept the plaintiff's legal conclusions as true." *Id.* at 502-03; *see also Iqbal*, 556 U.S. at 678 ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation.").

Ultimately, "[t]o survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[courts] accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

Finally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 952 (5th Cir. 2009).

3

### III.   ANALYSIS

#### a.  Plaintiff Fails to State a Claim for Relief

Defendant United States argues that Plaintiff's Complaint is fatally defective because he does not allege sufficient facts to support the legal conclusion that he is entitled to a refund for taxes paid in 2022. The Court agrees. The only facts Plaintiff alleges to justify his claim are that he overpaid his taxes for 2022, and he made a valid claim for a refund.[5] This is insufficient to state a plausible claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) ("Even a *pro se* complaint must contain specific facts supporting its conclusions."). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Plaintiff's claim is insufficient under *Iqbal* because he does not plead any facts to support his conclusion that he is entitled to a refund. *See id.*

#### b.  Plaintiff's Arguments in Response Are Frivolous

Plaintiff brings several arguments in his response to the United States's motion to dismiss. All are baseless.

First, Plaintiff argues he is owed a refund for 2022 for all taxes withheld because he did not provide a "personal service" to an employer that year and therefore did not receive "wages" as defined by 26 U.S.C. §§ 3401 and 3121. Plaintiff's threadbare Complaint, which solely states he is entitled to a refund for 2022, alleges no facts to support this legal conclusion. In any event, whether (or not) a taxpayer

---

[5] ECF No. 1.

rendered "personal services" does not affect his taxable income. *See* 26 U.S.C. § 63 (taxable income is "gross income minus the deductions allowed by this chapter"); 26 U.S.C. § 61(a) (gross income is "all income from whatever source derived"). Nor is taxable income limited to the 26 U.S.C. §§ 3401 and 3121 definitions of "wages." *See Rayner v. Comm'r of Internal Rev.*, 70 F. App'x 739, 740 (5th Cir. 2003) ("'Congress supplied no limitations as to the source of taxable receipts.'") (citation omitted); *Wesson v. United States*, 48 F.3d 894, 899 (5th Cir. 1995) ("[A]ll accessions to wealth are gross income unless specifically excluded[.]").

Next, Plaintiff asserts that the arguments he made in opposition[6] to the United States's first motion to dismiss were not frivolous because they are not among the "frivolous arguments" listed in 26 U.S.C. § 6702. Plaintiff, however, misapprehends that statute, which provides the penalties for filing frivolous tax submissions. *See, e.g.*, 26 U.S.C. § 6702(a) ("Civil Penalty For Frivolous Tax Returns"); 26 U.S.C. § 6702(b) ("Civil Penalty For Specified Frivolous Submissions"). Plaintiff's reference to 26 U.S.C. § 6702 is therefore irrelevant.

Plaintiff next argues that any attempt to tax his wages is unconstitutional under the Sixteenth Amendment because income tax is an "excise" and therefore a taxpayer's "earnings could only qualify as taxable . . . if they are products of privileged activities."[7] Although Plaintiff does not clarify how this argument applies to his claim

---

[6] ECF No. 5.
[7] ECF No. 13 at 6.

for relief, the Fifth Circuit has long rejected arguments that "[i]gnor[e] the Sixteenth Amendment" and assert that "an income tax on [] wages is unconstitutional." *Williams v. Comm'r of Internal Revenue*, 801 F. App'x 328, 328-29 (5th Cir. 2020) ("'We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.'") (citing *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984)); *Parker v. Commissioner*, 724 F.2d 469, 471-72 (5th Cir. 1984)("[T]he Constitution, as amended, empowers the Congress to levy an income tax against any source of income, without the need to apportion the tax equally among the states, or to classify it as an excise tax applicable to specific categories of activities."). The Court accordingly rejects Plaintiff's argument.

### c.  Leave to Amend

Plaintiff provides additional factual allegations to support his claims in his opposition[8] to the United States's motion to dismiss. The Court does not consider allegations raised for the first time in an opposition brief. *See Goodwin v. Hous. Auth. of New Orleans*, 2013 WL 3874907, at *9 n.37 (E.D. La. July 25, 2013) (noting that it is "inappropriate to raise new facts and assert new claims in an opposition to a motion to dismiss").

The Fifth Circuit does, however, instruct that "district courts should not dismiss *pro se* complaints pursuant to Rule 12(b)(6) without first providing the

---

[8] *See* ECF No 13 at 1.

plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011); *see also Pena v. United States*, 157 F.3d 984, 987 n.3 (5th Cir. 1998) ("Because [Rule 12(b)(6)] dismissals [of *pro se* complaints] are disfavored, a court should grant a *pro se* party every reasonable opportunity to amend."). The Court accordingly finds that it is appropriate to permit Plaintiff to amend his Complaint to add additional factual allegations to better allege his claim. The Court therefore dismisses Plaintiff's complaint without prejudice and with leave to amend within twenty-one (21) days of entry of this order.

Accordingly,

**IT IS ORDERED** that Defendant United States's motion[9] to dismiss under FED. R. CIV. P. 12(b)(6) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and with leave to file an amended complaint within twenty-one (21) days of this order.

New Orleans, Louisiana, this 18th day of March, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[9] ECF No. 10.

7